Chris Biggs Geary County Attorney 120 East 8th Street Junction City, Kansas 66441-2590
Dear Mr. Biggs:
As Geary county attorney you request our opinion concerning the public employer-employee relations act (PEERA) (K.S.A. 75-4321 et seq.). Specifically, you inquire whether all of your employees, including the assistant county attorneys, can participate in an upcoming election which will determine whether the Kansas Association of Public Employees (KAPE) is entitled to represent county employees pursuant to K.S.A. 75-4324 and75-4327. If it is our opinion that your employees can participate and if KAPE is successful, you inquire whether KAPE must negotiate with you as the county attorney or the board of county commissioners.
The purpose of PEERA is to obligate public agencies, public employers and their representatives to enter into discussions to resolve grievances and disputes relating to employment conditions. K.S.A. 75-4321(b). Pursuant to K.S.A. 75-4321(c) Geary county has elected to bring itself within the provisions of the act. K.S.A. 75-4324 provides that "public employees" shall have the right to participate in employee organizations for the purpose of meeting with "public employers" with respect to grievances and conditions of employment. The answer to your first query depends upon whether the employees of the county attorney are "public employees". "Public employee" is defined at K.S.A. 75-4322(a), in relevant part, as follows:
 "(a) `Public employee' means any person employed by any public agency, except those persons classified as supervisory employees . . . elected and management officials, and confidential employees."
A county is a public employer and employees of the county are public employees except as excluded by K.S.A. 75-4322(a). Since your two assistant county attorneys are appointees pursuant to K.S.A. 19-706b, they are not "public employees" because "elected and management officials" includes "appointed officers" pursuant to K.S.A. 75-4322(e). Supervisory and confidential employees as defined at K.S.A. 75-4322(b) and (c) are also excluded. Whether the remainder of your staff falls under these two categories depends upon their job responsibilities. It is our opinion that employees of the county attorney's office are "public employees" pursuant to K.S.A. 75-4322(a) unless they fall within one of the exclusions and, therefore, can participate in an election to determine their representative.
Your second query concerning who the employee representative negotiates with depends upon whether the county attorney or the board of county commissioners is the "public employer" as defined at K.S.A. 75-4322(f) because K.S.A. 75-4324 gives public employees the right to choose representatives who confer with "public employers or their designated representative". K.S.A. 75-4322(f) defines "public employer" as follows:
 "(f) `Public agency' or `public employer' means every governmental subdivision, including any county, township, city, school district, special district, board, commission, or instrumentality or similar unit whose governing body exercises similar governmental powers, and the state of Kansas and its state agencies."
K.S.A. 75-4322(g) defines "governing body" as follows:
 "(g) `Governing body' means the legislative body, policy board or other authority of the public employer possessing legislative or policy making responsibilities pursuant to the constitution or laws of this state." (Emphasis added).
A board of county commissioners exercises the county's legislative responsibilities pursuant to the laws of the state and is the governing body for the county. Arguably, the county attorney could be said to be the proper governing body for the office of county attorney as the county attorney could be within the statutory language "or other authority of the public employer." However, in Attorney General Opinion No. 81-276 we rejected this argument in the context of a sheriff's inquiry concerning whether he or the board of county commissioners was a "public employer". In that opinion we applied the doctrine of ejusdem generis, a commonly used rule of statutory construction. The doctrine applies when interpreting the meaning of a statute containing a list of specific nouns, followed by words of a general nature. In that situation the specific words control over the general. Stephens v. Van Arsdale,227 Kan. 676, 684 (1980). Hence, the phrase "or other authority of the public employer," should be limited to include only those kinds of governmental entities contained in the list preceding it. In this instance, a county attorney like a sheriff, is an administrative officer and is not similar to a legislative body or policy board. Thus, in our opinion, the county attorney should not be considered a governing body for the purpose of this act.
Negotiations between the public employer and the employee organization under the act are conducted by the "representative of the public agency" and the employee organization. Such negotiations occur after the public employer has recognized the employee organization pursuant to K.S.A.75-4327. The term "representative of the public agency" is defined by K.S.A. 75-4322(h), which states in pertinent part as follows:
 "(h) `Representative of the public agency' means the chief executive officer of the public employer or his or her designee, except when the governing body provides otherwise. . . . Such chief executive shall be for counties, the chairman of the board of county commissioners. . . ." (Emphasis added).
The negotiator for the public employer in this situation normally would be the chairman of the board of county commissioners unless the board of commissioners provides otherwise. We note that the board may choose the county attorney as an alternate or additional representative since the county attorney is the person charged with the responsibility of managing the office.
While we conclude that employees of the county attorney's office may fall under PEERA, this ability of employees to elect a representative who can then negotiate with the county on their behalf is illusory because the county attorney will not be bound by any collective bargaining agreement entered into between the board of county commissioners and the employee organization. In Attorney General Opinion No. 92-158, we examined the legislative history of K.S.A. 19-302(c), 19-503(c), 19-805(d) and 19-1202(c) which make any personnel action taken by the county clerk, register of deeds, county treasurer, and sheriff subject to "any applicable collective bargaining agreement." This particular bill was later amended to include coverage of the county attorney, however, the house committee deleted the section. (Minutes, House Committee on Local Government, March 24, 1983). Therefore, we opined that the county attorney is not bound by any collective bargaining agreement. Consequently, unless the county attorney signs his or her name to the collective bargaining agreement, he or she is not obligated to honor it. This result may warrant reexamination by the legislature in order to fulfill PEERA's mandate and empower public employees.
Summarizing our opinion, with the exception of assistant county attorneys, employees of the county attorney's office are "public employees" pursuant to PEERA unless excluded by K.S.A. 75-4322(a) and, consequently, can participate in an election to determine their representative. Furthermore, the board of county commissioners is the proper governing body and the county is the public employer for county attorney employees for the purposes of PEERA. However, the county attorney can elect not to be bound by such a collective bargaining agreement.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm